IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| TODD E. HENDERSON, ) </br> ) </br> Petitioner, ) </br> V. ) </br> ) </br> UNITED STATES OF AMERICA, ) </br> ) </br> Respondent. ) | Criminal No. 1:03cr93 </br> Civil Action No. 1:05cv830 |

**MEMORANDUM OPINION**

This case is before the Court on Petitioner's motion for relief pursuant to 28 U.S.C. § 2255.

Todd Henderson ("Petitioner") was a distributor in a cocaine ring that received kilogram quantities of cocaine from its suppliers in Los Angeles, California for subsequent distribution in the metropolitan Washington, D.C. area, including cities in the Eastern District of Virginia. From October 2001 through March 2002, a co-conspirator sent multiple kilograms of cocaine to Petitioner and others located in the metropolitan Washington, D.C. area for further distribution. The cocaine was sent via Federal Express and concealed in computer monitors, computer towers, and toy ovens on a weekly basis. In return, Petitioner and others would ship cash back to Los Angeles, California.

On March 10, 2003, Petitioner entered a guilty plea to a one-count criminal information charging him with conspiracy to

distribute five kilograms or more of a mixture of substance containing a detectable amount of cocain, a Schedule II substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Petitioner explicitly acknowledged the following matters, among others, in the plea agreement: (1) that Petitioner's sentence would be imposed in accordance with the United States Sentencing Guidelines; (2) that by entering into the plea agreement, Petitioner waived his right to appeal his sentence; (3) that Petitioner had not received any promises from defense counsel, the United States, or the U.S. Probation Office regarding what sentence he would receive; (4) that the sentencing judge had sole discretion to determine the sentence that Petitioner would receive; (5) that defense counsel had rendered effective assistance in Petitioner's case; (6) that Petitioner was pleading guilty freely and voluntarily because, in fact, he was guilty of the conduct charged in the criminal information; and (7) that the United States reserved the right to argue for the application of a two-point firearms enhancement at Petitioner's sentencing hearing.

At the sentencing hearing on May 30, 2003, this Court determined that the advisory guidelines range had been properly calculated at a range of 168 to 210 months.  This Court sentenced Petitioner to a 168-month term of incarceration followed by a five-year term of supervised release, with the special condition

that Petitioner successfully complete substance abuse testing and treatment at the direction of the U.S. Probation Office.  This Court also imposed a mandatory $100 special assessment.  Charles W. Kramer represented petitioner during all the criminal proceedings, including the plea hearing and sentencing.  In accordance with the terms of his Plea Agreement, Petitioner neither appealed the judgment of conviction nor his sentence.

On May 17, 2004, the United States filed a Rule 35 Motion for Reduction of Sentence based upon Petitioner's substantial assistance to the United States.  On May 21, 2004, this Court heard argument on that matter and, as a result reduced Petitioner's sentence from 168 months of imprisonment to 78 months of imprisonment.

On July 13, 2005, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  On January 24, 2006, this Court construed that Petition as a motion pursuant to 28 U.S.C. § 2255 and ordered the United States to respond.  In Petitioner's motion, Petitioner asserts that: (1) Petitioner's defense counsel, Charles W. Kramer, was "ineffective for failing to raise the government's breach of plea agreement by failing to argue (against) a two point firearm enhancement that was not stipulated to by the Petitioner, yet added in violation of his plea agreement;" and (2) that the United States breached an agreement, specifically, the March 10, 2003, plea agreement with Petitioner,

by "allowing the (two-point) firearm enhancement to be added to his sentence when the government had entered into a binding contract."

In support of his motion, Petitioner has filed a seventeen-page memorandum in which Petitioner contends that Blakely v. Washington, 542 U.S. 296 (2004), applies retroactively to this case, through the application of United States v. Booker, 543 U.S. 220 (2005), to the federal sentencing guidelines.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations for a 28 U.S.C. § 2255; United States v. Dodson, 291 F.3d 268, 275-76 (4th Cir. 2002).  "Although Congress did not expressly define 'judgment of conviction' in the AEDPA, the phrase 'judgment of conviction' had a well-established meaning in federal law, of which Congress was surely aware."  Id. at 271. As a result, the U.S. Court of Appeals for the Fourth Circuit held that "a criminal 'judgment' includes both a conviction and its associated sentence, so that a 'judgment of conviction' cannot be final with respect to a given count until both conviction and sentence associated with the count are final."  Id. at 272.  See also Fed. R. Crim. P. 32(k)(1) (outlining the required information to be included in a judgment of conviction.)

The general rule is that a defendant's conviction becomes "final on the date upon which he declines[s] to pursue further

direct appellate review." <u>United States v. Sanders,</u> 247 F.3d 139, 142 (4th Cir. 2001). However in <u>Sanders</u>, a case in which the defendant entered a guilty plea, was found guilty, was sentenced, and then failed to directly appeal that conviction or sentence, the Fourth Circuit explained that, for the purpose of 28 U.S.C. § 2255 (1), the statue of limitations began to run on the date that the district court entered the judgment of conviction. <u>Id.</u> In <u>Sanders</u>, the petitioner was sentenced on January 13, 1998, and the district court entered the judgment of conviction on January 15, 1998. <u>Id.</u> at 141. The Fourth Circuit applied its reasoning in <u>United States v. Torres,</u> 211 F.3d 836, 837-38 (4th Cir. 2000) (explaining that, if the petitioner seeks direct appellate review but fails to seek a petition for certiorari to the U.S. Supreme Court, the statue of limitations pursuant to 28 U.S.C. § 2255 begins to run on the date that the Court of Appeals' mandate issues in his direct appeal) and determined that the statue of limitations for the petitioner's motion pursuant to 28 U.S.C. § 2255 began to run on January 15, 1998, the date on which the court entered judgment in the petitioner's case.

Similarly, in the instant case, and in accordance with his plea agreement, Petitioner entered a guilty plea, was found guilty, was sentenced, and then failed to appeal his conviction or sentence. Petitioner was sentenced on May 30, 2003, and this

Court entered judgment on May 30, 2003. Thus, the conviction became final on May 30, 2003, the date that this Court entered judgment. Petitioner did not file the instant motion until July 13, 2005, approximately twenty-five months after his conviction became final, therefore, Petitioner's motion is untimely.

The one-year limitation may, in certain circumstances, run from a different date. See 28 U.S.C. § 2255 (2), (3), (4). Here, Petitioner asserts that 28 U.S.C. § 2255 (3) applies, that the United States Supreme Court recognized a new right when it decided Blakely v. Washington and that the United States Supreme Court extended the application of that right to the federal sentencing guidelines when it decided United States v. Booker. Petitioner further asserts that the newly recognized right under Blakey has been made retroactively applicable to cases on collateral review pursuant to the "watershed" exception in Teague v. Lane, 489 U.S. 288 (1989), because, according to Petitioner, that new right implicates both the fundamental fairness and accuracy of the criminal proceeding.

However, the Court of Appeals for the Fourth Circuit, along with every other federal appellate court to consider the question, has determined that Booker is not retroactive. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005) ("[t]he rule announced in Booker is a new rule of criminal procedure, but it is not a watershed rule. Accordingly, the rule is not

available for post-conviction relief for federal prisoners...whose convictions became final before Booker (or Blakely) was decided."); see also Guzman v. United States, 404 F.3d 139 (2nd Cir. 2005); Lloyd v. United States, 407 F.3d 608 (3rd Cir. 2005); Padilla v. United States, 416 F.3d 424 (5th Cir. 2005); Humphress v. United States, 389 F.3d 855 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); Never Misses A Shot v. United States, 413 F.3d 781 (8th Cir. 2005); United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005); United States v. Bellamy, 411 F.3d 1182 (10th Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005).

As a result, Petitioner is incorrect. Booker does not affect the statute of limitations under 28 U.S.C. § 2255 (3), and, therefore, 28 U.S.C. § 2255 (3) does not apply in this case. Thus, the one-year statute of limitations for Petitioner's 28 U.S.C. § 2255 motion began to run on this date on which the challenged conviction became final, May 30, 2003, the date on which this Court entered judgment against Petitioner. Petitioner filed his motion pursuant to 28 U.S.C. § 2255 on July 13, 2005, approximately twenty-five months after Petitioner's conviction became final, therefore Petitioner's motion is untimely and must be denied.

/s/

_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
June 12 , 2006